IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KRISHNA HANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| AMTRAK, NATIONAL RAILROAD ) | |
| PASSENGER CORPORATION, UNIVERSITY ) | |
| OF ILLINOIS, GROWMARK COOPERATIVE, ) | |
| ILLINI FS, and DOES 1-50, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

NOW COMES the defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak") by undersigned counsel, and files this Notice of Removal pursuant to 28 U.S.C. § 1446. In support of this Notice, Defendant states as follows:

1. The Complaint in the above-captioned matter was filed in the Circuit Court of Cook County, Illinois, on April 21, 2016. (A copy of the Complaint is attached hereto as Exhibit "A"). In this Complaint, Plaintiff has brought suit against the defendants alleging that on April 24, 2014, she was sustained injury when a tractor owned by Illini FS and/or Growmark failed to yield at a grade crossing and was struck by the Amtrak train on which she was traveling.

2. This Notice of Removal is being filed with this Court within thirty (30) days from the earliest date when the defendant had notice of and was in receipt of the complaint. Defendant National Railroad Passenger Corporation received a copy of the complaint via certified mail on May 9, 2016. Growmark Cooperative and Illinois FS consent to this removal.

(See Email attached as Exhibit "B") According to the electronic docket of the Circuit Court of Cook County, the University of Illinois has not been served.

3. Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to § 1349, the district courts "shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock.*" (Emphasis added).

Said otherwise, the district courts shall have original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock. See, e.g., *Osborne v. Bank of the United States*, 22 U.S. (9 Wheat) 738 (1824) (since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws of the United States); *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885) (suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within original jurisdiction of district courts); *see also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2d Ed. 1984) ("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation.") (and cases cited therein).

4. Amtrak was created by an Act of Congress (45 U.S.C. § 501 *et seq.*), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24301, *et seq.*. Additionally, the United States is the owner of more than one-half of Amtrak's capital stock.

5. Because the United States is the owner of more than one-half of Amtrak's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad* Co., 326 F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574 (S.D. Miss. 1993) (National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation*, 680 F. Supp. 728 (D. Md. 1987).

6. This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §§ 51-60 or 49 U.S.C. § 11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. Further, in accordance with 28 U.S.C. § 1446(d), undersigned counsel has given written notice of the filing of this Notice of Removal by federal express with attached exhibits to Plaintiff at her identified address, 1829 N. Drake Ave., Apt. 2R, Chicago, Illinois 60647, as well as to co-defendants Growmark and Illini FS through their counsel, Bradford Peterson, Heyl, Royster, Voelker & Allen, 102 East Main Street, Urbana, Illinois 61801. In further compliance with § 1446(d), on this same date, Defendant National Railroad Passenger Corporation will file with the clerk of the Circuit Court of Cook County a copy of this Notice of Removal.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION files this Notice of Removal so that the entire state court action under Court No. 16 L 4048 now pending in the Circuit Court of Cook County, Illinois, be removed to this Court for all further proceedings.

NATIONAL RAILROAD PASSENGER
CORPORATION


By:   /s/   Susan K. Laing
            One of its attorneys


Susan K. Laing
Anderson, Rasor & Partners, LLP
100 South Wacker Drive, Suite 1000
Chicago, Illinois 60606
(312) 673-7800
susan.laing@arandpartners.com

## **CERTIFICATE OF SERVICE**

 I, the undersigned, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **NOTICE OF REMOVAL** to plaintiff below, via Federal Express, on June 6, 2016, next-day delivery:

    **Plaintiff - Pro Se**
    Krishna G. Haney
    1829 N. Drake Avenue, Apt 2R
    Chicago, IL 60647
    (619) 719-9842
    KrishnaHaney@gmail.com

_____

SUBSCRIBED and SWORN TO
before me on this 6th day of June, 2016.

_____
Notary Public

ANDERSON, RASOR & PARTNERS, LLP
100 S. Wacker Dr.
Suite 1000
Chicago, IL 60606
(312) 673-7800
susan.laing@arandpartners.com

OFFICIAL SEAL
STEPHANIE A CHERECK
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES
MARCH 26 2018