298

KRISHNA G. HANEY
*IN PRO PER*
1829 N. Drake Ave Apt. 2R
Chicago, IL 60647
KrishnaHaney@gmail.com
619-719-9842

RECEIVED
AMTRAK
MAY - 9 2016
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| KRISHNA HANEY,<br><br>  Plaintiff,<br><br>vs.<br><br>AMTRAK; NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK; UNIVERSITY OF ILLINOIS; GROWMARK COOPERATIVE; ILLINI FS; AND DOES 1 – 50,<br><br>  Defendant(s). | Case No.:<br><br>COMPLAINT FOR:<br>(1) NEGLIGENCE;<br>(2) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br><br>DEMAND FOR JURY TRIAL. |

COMES NOW, PLAINTIFF KRISHNA G. HANEY, IN PRO PER, WHO ALLEGES AND COMPLAINS AS FOLLOWS:

## INTRODUCTION

1. Krishna G. Haney (hereinafter "Plaintiff") is an individual residing in Chicago, IL.

2. Defendant Amtrak is a corporation that conducts regular business in the State of Illinois and the City of Chicago.

COMPLAINT - 1

DEFENDANT'S EXHIBIT A

3. Defendant National Railroad Passenger Corporation dba Amtrak is a corporation that conducts regular business in the State of Illinois and the City of Chicago.

4. University of Illinois is an entity operating in the State of Illinois that, on information and belief, owns the land upon which the collision giving rise to this matter took place and, on information and belief, is also the entity that employed one of the individuals who caused the collision giving rise to the damages in this matter.

5. Growmark Cooperative, on information and belief, is an agricultural company operating and doing regular business in the State of Illinois that owns and/or directs Illini FS, another defendant in this matter.

6. Illini FS is a corporation operating and doing regular business in the State of Illinois who, on information and belief, employed one of the individuals who caused the collision giving rise to the damages in this matter.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 50, inclusive, are unknown to Plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these defendants when the same have been ascertained. Plaintiff is informed and believes that each fictitiously named defendant is responsible in law and in fact for the obligations alleged herein.

8. The conduct upon which these causes of action are based occurred in the State of Illinois, on a passenger train en route to Chicago, County of Cook; Plaintiff's injuries occurred in the State of Illinois; and Plaintiff's medical treatment constituting part of the damages in this matter currently takes place in the State of Illinois, County of Cook, and as such, venue is proper.

///

COMPLAINT - 2

1  ///

2  ///

### STATEMENT OF FACTS

9. On or about April 24, 2014, Plaintiff was a ticketed passenger on an Amtrak passenger train.

10. Plaintiff boarded the train in Mattoon, IL, with a final destination of Chicago, IL.

11. Plaintiff bought and paid for the train ticket from Amtrak with an inherent right to safe travel to Chicago, IL while onboard the Amtrak passenger train.

12. The Amtrak passenger train was heading northbound to Chicago when it collided with a tractor in or around Savoy, IL.

13. On information and belief, the tractor, owned and/or operated by Illini FS through Growmark Cooperative, was exiting a field when it attempted to cross at an unmarked train crossing.

14. The Amtrak passenger train crashed into the aforementioned tractor at a high speed while the tractor was on the train tracks.

15. As a result and proximate cause of the aforementioned collision, Plaintiff suffered and continues to suffer permanent physical damages, as well as mental and financial damages.

### FIRST CAUSE OF ACTION
### NEGLIGENCE

16. Plaintiff realleges and incorporates by reference each and every allegation in paragraphs one (1) through fifteen (15), *supra*.

17. The collision was caused by the recklessness, carelessness, and negligence of Defendants.

COMPLAINT - 3

18. Plaintiff was a passenger on an Amtrak train and Defendants owed Plaintiff a duty of reasonable care and safety.

19. Defendants had a duty to operate their vehicles safely and to employ individuals who would operate their vehicles safely.

20. Defendants breached their duty of care when they failed to safely operate their respective vehicles and collided with one another, killing at least one individual.

21. The collision was the real, actual, and proximate cause of injuries to Plaintiff.

22. As a result of the collision, Plaintiff suffered and continues to suffer serious, painful, and permanent physical injuries, including brain damage.

23. Plaintiff has been, is, and will continue to undergo medical treatment and has and will continue to incur medical expenses in order to alleviate injuries, pain, and suffering.

24. Plaintiff was, is, and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings.

25. Plaintiff continues to sustain physical, mental, and financial losses.

26. All of Plaintiff's injuries and losses were, are, and will solely be due to the carelessness, recklessness, and negligence of Defendants.

## SECOND CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs one (1) through twenty-six (26), *supra*.

28. Defendants were negligent in their duties owed to Plaintiff, including Plaintiff's right to be reasonably safe while a passenger on an Amtrak train and Defendants' respective

COMPLAINT - 4

duties to operate their vehicles with reasonable care or to employ individuals who would operate their vehicles with reasonable care. These duties and others were owed and were breached.

29. Defendants' actions in recklessly operating their vehicles and/or employing individuals who recklessly operate their vehicles constitute a breach of their duties owed to Plaintiff.

30. As a proximate cause of Defendants' breach of their duties, Plaintiff suffered, and continues to suffer, emotional distress, causing physical, mental, and financial damage to Plaintiff.

**PRAYER**

WHEREFORE PLAINTIFF PRAYS for judgment against Defendants, and each of them as follows:

1. For compensatory damages for each cause of action and damages caused by Defendant's actions, in an amount to be proven at trial;
2. For costs associated with past, ongoing, and future medical expenses, in an amount to be proven at trial;
3. For past, present, and future lost wages, in an amount to be proven at trial;
4. For punitive and/or exemplary damages for Plaintiff's past, present, and future pain and suffering, in an amount to be proven at trial;
5. For treble damages, in an amount to be proven at trial;
6. And for any and all other damages deemed reasonable and just by this Honorable Court.

///

///

///

Dated: April 21, 2014.

Krishna G. Haney
In Pro Per

## CERTIFICATION

Under penalties as provided by law pursuant to section 1-190 of the Illinois Compiled Statutes, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters stated to be in information and belief, as to such matters the undersigned certifies as aforesaid that she verily believes those matters to be true.

KRISHNA G. HANEY

COMPLAINT - 6